UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

THOMAS RICHARDS,

                       Plaintiff,                    CIV No. _____

-against

MULTINEX CO., LTD. d/b/a NERDY,           **COMPLAINT**

                       Defendant.
_____

       Plaintiff Thomas Richards ("Mr. Richards"), by and through his attorney of record, alleges as follows against Defendant Multinex Co., Ltd. d/b/a Nerdy ("Defendant"):

## SUMMARY

1. This is a case of a corporation taking advantage of an unsuspecting youth. Mr. Richards, then a 16-year old student and aspiring model/actor, meets representatives from Defendant, who offer him the opportunity to appear in a video promoting Defendant's line of apparel. Mr. Richards is elated. Defendants see potential in Mr. Richards' future as a model/actor – and seek to take advantage of it. Asking for a "baby" photo of Mr. Richards to place on "a sticker", Mr. Richards trustingly complied. Defendants then take this cherubic photo of Mr. Richards as a five-year old boy, and imprints it on a T-shirt. It then mass-produces these T-shirts, which it consequently promotes within the Korean entertainment industry and distributes throughout the United States, Korea, and possibly elsewhere. Defendant is enriched at Mr. Richards' expense. This lawsuit seeks to justify that wrong.

## THE PARTIES

2. Mr. Richards is a resident of the County of New York, in the State of New York. At all times relevant to the events alleged herein, Mr. Richards was a minor.

3. Defendant is an organization formed and existing in Korea, with its principal administrative offices located at 14 Teherean-ro, 103-gil Gangnam-gu, Seoul, South Korea. Upon information and belief, Defendant is in the business of manufacturing and selling T-shirts and other apparel. Upon further information and belief, Defendant distributes its merchandise at its New York flagship store, located on 1st Avenue, New York, New York. In an effort to promote its merchandise, Defendant produces videos displaying said merchandise.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1332 because the parties are domiciled in different jurisdictions and because plaintiff has suffered compensatory and exemplary damages in excess of $75,000.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b)(2) because all of the events pled herein occurred in this jurisdiction. Venue is also proper pursuant to 28 U.S.C. § 1391 (b)(3) because the harm that Defendant caused occurred in this District.

## FACTUAL HISTORY

**Defendant Solicits, then Defrauds, Mr. Richards**

6. Mr. Richards met representatives from Defendant. Defendant's representatives offered a role in one of Defendant's video promotions to Mr. Richards. Mr. Richards, then a minor, agreed to appear in the video.

7. On or about March 27, 2017, Defendant asked Mr. Richards to give it a photograph of Mr. Richards when he was a "baby." In response to the reason for the request, Defendant advised Mr. Richards that it was "for a sticker."

8. Mr. Richards, in reliance on Defendant's representation and believing that his image would be placed on a sticker, gave a photograph reflecting himself at age five (5) (the "Photo") to Defendant on or about March 27, 2017.

9. Mr. Richards was a minor at the time he gave the Photo to Defendant.

10. Mr. Richards did two photo shoots for Defendant, the first on April 1, 2017 and the second on May 18, 2017.

**Defendant Reaps Profits from the Photo**

11. Defendant misrepresented the reason that it wanted the Photo to Mr. Richards.

12. First, Defendant manufactured T-Shirts with the Photo prominently displayed on the front (the "Richards T-Shirt"). Defendant first showed the Richards T-Shirt to Mr. Richards on June 1, 2017.

13. Second, Defendant induced several high profile and well-known Korean pop entertainment artists to wear the Richards T-Shirt during various performances, which were attended by large audiences in person, and/or streamed on the internet. Upon information and belief, the purpose of this campaign was to promote the sale of the Richards T-Shirt and other Nerdy products.

14. Finally, Defendant sold the Richards T-Shirt for $55.00 a piece in the United States, and for 55,000 Korean Won a piece in Korea.

15. Mr. Richards did not give his consent to, or in any way authorize, the creation, use, and sale of the Richards T-Shirt.

16. Mr. Richards, then a minor, and could not consent or authorize the use of the Photo in a commercial transaction.

17. Mr. Richards' parents, his legal guardians at the time, did not consent or authorize the use of the Photo on Mr. Richards' behalf.

18. Defendant took the Photo and created, used, and sold the Richards T-Shirt without Mr. Richards' consent or authorization or the consent/authorization from anyone on Mr. Richards' behalf.

19. Defendant continues to use and sell the Richards T-Shirt, despite Mr. Richards' request that it cease doing so.

## FIRST CAUSE OF ACTION
## (VIOLATION OF SECTION 51 OF THE NEW YORK CIVIL RIGHTS LAW)

20. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

21. Pursuant to the New York Civil Practice Law and Rules Section 208, this cause of action is timely because Mr. Richards reached the age of majority on October 5, 2018.

22. Defendant's use of the Photo, and the creation, use, and sale of the Richards T-Shirt for the purpose of Defendant's trade and commercial benefit, was without Mr. Richards' oral or written consent, nor did anyone authorized on Mr. Richards' behalf give such consent.

23. Mr. Richards, as a minor, could not give such consent or authorization to use the Photo.

24. Defendant's use of the Photo, and the creation, use, and sale of the Richards T-Shirt, occurred in the State of New York.

25. Pursuant to Section 51 of the New York Civil Rights Law, Defendant should be enjoined from using and selling the Richards T-Shirt.

26. Pursuant to Section 51 of the New York Civil Rights Law, Mr. Richards is entitled to compensatory damages to be determined at trial.

27. Pursuant to Section 51, Mr. Richards is entitled to exemplary damages in amount to be determined at trial.

## SECOND CAUSE OF ACTION
## (FRAUDULENT MISREPRESNTATION)

28. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

29. Defendant represented to Mr. Richards that it would place the Photo on a sticker.

30. The aforementioned representation was false, in that the true intent was to use the Photo to create the Richards T-Shirt.

31. Defendant knew, when it made said representation to Mr. Richards, that it was false, and that it intended to use the Photo for the creation of the Richards T-Shirt.

32. Defendant made this misrepresentation with the intention that Mr. Richards would rely on it and give the Photo to Defendant.

33. Mr. Richards' relied on Defendant's misrepresentation when he gave the Photo to it.

34. Mr. Richards has suffered damages, to be determined at trial, resulting from Defendant's profiteering of the Photo and Richards T-Shirt.

### THIRD CAUSE OF ACTION
### (FRAUD IN THE INDUCEMENT)

35. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

36. Defendant misrepresented its intent for asking Mr. Richards for the Photo, and knew, at the time it made the request, that its request for false.

37. Defendant made this request with the intent of inducing Mr. Richards to give the Photo to it.

38. Mr. Richards, in reliance on Defendant's statements, gave the Photo to it.

39. As a result of Defendant's fraudulent inducement, Mr. Richards has been damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**
**(FRAUD)**

40. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

41. Defendant falsely stated to Mr. Richards that it would place the Photo on a sticker, when it fully intended to create and sell the Richards T-Shirt.

42. Defendant fully intended to deceive Mr. Richards and use the latter's image for its own pecuniary gain

43. In reliance on Defendant's fraud, Mr. Richards gave the Photo to Defendant.

44. As a result of Defendant's fraud, Mr. Richards has been damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**
**(NEGLIGENT MISREPRESENTATION)**

45. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

46. Defendant knew, in representing to Mr. Richards that the Photo would be used on stickers, that Mr. Richards would rely on said statement.

47. Mr. Richards relied on Defendant's statement in providing the Photo to Defendant.

48. Defendant misstated the use of the Photo.

49. Defendant's misstatement resulted from its negligence.

50. As a result, Mr. Richards suffered damages to be determined at trial.

51. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein

52. By using the Photo and creating, using, and distributing the Richards T-Shirt, Defendant profited.

53. Said profit was at Mr. Richards' expense, in that it was his image that resulted in Defendant's profits.

54. Equity and good conscious require that Defendant make restitution to Mr. Richards.

## SIXTH CAUSE OF ACTION
## (ACCOUNTING)

55. Mr. Richards repeats, reiterates, and re-alleges each and every allegation as set forth herein.

56. Special circumstance exists for an accounting.

57. Defendant has profited from the Photo and Richards T-Shirt, which Defendants used and distributed without Mr. Richards' consent or authorization.

58. In order to determine the proper amount of damages owed to Mr. Richards, this Court should order an accounting.

**WHEREFORE**, Mr. Richards demands judgment against Defendant as follows:

1. Compensatory damages, to be determined at trial, on his First Cause of Action;

2. Exemplary damages, authorized by statute, to be determined at trial, on his First Cause of Action;

3. Compensatory and punitive damages, to be determined at trial, on his Second Cause of Action;

4. Compensatory and punitive damages on his Third Cause of Action, to be determined at trial;

5. Compensatory and punitive damages on his Fourth Cause of Action, to be determined at trial;

6. Compensatory damages on his Fifth Cause of Action, to be determined at trial;

7. Plaintiff hereby demands trial by jury.

**WHEREFORE,** the plaintiff demands in excess of $75,000 in compensatory and exemplary damages.

**COURTESY COPY DRAFT**

Dated: July 17, 2019
New York, NY

                                Yours, etc.,

                                                    _____/s_____
                                                    Adam J. Roth, Esq.
                                                    Law Offices of Adam J. Roth
                                                    *Attorney for Plaintiff*
                                                    112 Madison Avenue
                                                    New York, NY 10007
                                                    (212) 922-3741
                                                    (212) 253-4157
                                                    adamjrothesq@gmail.com