UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THOMAS RICHARDS,<br><br>         **Plaintiff,**<br><br>-against-<br><br>MULTINEX CO. LTD., d/b/a *NERDY*,<br><br>         **Defendant.** | 19-cv-6670 (ALC)<br><br><u>**OPINION AND ORDER**</u> |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Thomas Richard ("Plaintiff") filed his complaint against Multinex Co. LTD ("Nerdy" or "Defendant") on July 17, 2019, alleging multiple causes of action including, violation of § 51 of the New York Civil Rights Law, fraudulent misrepresentation, fraud in the inducement, fraud, negligent misrepresentation, and accounting. Currently pending before the Court is Plaintiff's motion for default judgment. For the reasons that follow, Plaintiff's motion is **DENIED**.

## FACTUAL BACKGROUND

  The following is taken from the Complaint (ECF No. 1), and Plaintiff's declaration in support of his motion for default judgment (Richards Decl., ECF No. 21), and are assumed to be true for the purposes of this motion.

  Plaintiff is a resident of New York. (Compl. ¶ 2). Defendant is a company is principally located in Seoul, South Korea with a flagship store located in New York. (Compl. ¶ 2.) Defendant is a manufacturer and seller of T-shirts and other apparel. (Compl. ¶ 3). Defendant distributes its products throughout the United States and South Korea. (Compl. ¶ 1). When Plaintiff was 16, he alleges that he met with representatives from Defendant about an opportunity to model for Defendant's apparel line. (Richards Decl., ECF No. 21 ¶¶ 3–6.) Defendant requested a "baby"

1

picture of the Plaintiff in order to be used on "a sticker". (Compl. ¶ 8.) Plaintiff agreed and sent Defendant a photo of himself as a 5-year-old on or about March 27, 2017. (*Id.*) Plaintiff then took part in two photo shoots for Defendant: the first on April 1, 2017 and the second on May 18, 2017. (Compl. ¶ 10).

Plaintiff alleges that Defendant mispresented the rationale for wanting the photo of the Plaintiff. Instead of his baby photo being used for a sticker, it was used on a T-shirt (the "Richards T-shirt"). (Compl. ¶ 11.) Plaintiff was shown the Richards T-shirt with his photo printed on by Defendant on June 1, 2017. (Compl. ¶ 12). Plaintiff alleges that he did not give consent to Defendant for the creation, use and sale of the Richards T-shirt. (Compl. ¶ 15.) Plaintiff further alleges that because he was a minor at the time of the agreement with Defendant, he could not give consent or authorization for such a transaction. (Compl. ¶ 16).

On or about August 2017, Plaintiff noticed a post on Defendant's Instagram account which showed several models wearing a t-shirt with Plaintiff's baby photo on it. (Richards Decl., ECF No. 21 ¶ 19.) Plaintiff then went to Defendant's website and realized that the t-shirts with his baby image on them were for sale. (*Id.* ¶ 20.) In September 2017, he reached out to Defendant's representative via Instagram to inquire about the post and "to discuss the issue of Nerdy selling merchandise with my image without my permission." (*Id.* ¶ 21.)

Plaintiff alleges that from August 2017 through early 2019, Defendant sold the t-shirt for $55.00 each in the United States and 55,000 Korean Won each in South Korea. (*Id.* ¶ 25; Compl. ¶ 14.)

**PROCEDURAL HISTORY**

Plaintiff filed the Complaint on July 17, 2019, alleging: (1) violation of Section 51 of the New York Civil Rights Law; (2) fraudulent misrepresentation, (3) fraud in the inducement,

2

(4) fraud, (5) negligent misrepresentation, and (6) accounting. (*See generally* Compl.) On July 18, 2019, the Court issued the summons for Defendant Multinex. On October 2, 2019, Plaintiff filed a letter motion for extension of time in order to effective service and request that the Court permit service via mail under Federal Rule of Civil Procedure 4(f)(3). (ECF No. 7.) The motion was granted on October 3, 2019. (ECF No. 8.)

Plaintiff filed an affidavit of service on January 8, 2020 indicating that Defendant had been served via mail on October 6, 2019, and that Defendant's deadline to answer or otherwise respond to the Complaint had been October 27, 2019. (ECF No. 10.) The same day, Plaintiff filed a proposed certificate of default (ECF No. 11), which the Clerk of Court entered the same day (ECF No. 13).

On June 22, 2020, the Court issued an Order to Show Cause why this action should not be dismissed for failure to prosecute because Plaintiff had not yet moved for default judgment. (ECF No. 15.) Plaintiff filed a letter response indicating that he intended to move for default judgment (ECF No. 16), and filed his motion for default judgment and supporting papers on October 7, 2020. (ECF Nos. 19–23.) The Court subsequently issued an additional Order to Show Cause directing Defendant to show cause in writing why default judgment should not be entered against it. (ECF No. 24.) To date, Defendant has not appeared in this action nor otherwise defended itself with respect to the allegations in the Complaint.

## LEGAL STANDARD

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. See Fed. R. Civ. P. 55(a). A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-

defaulting party and draw all reasonable inferences in its favor. *Id.* Nonetheless, because a party in default does not admit conclusions of law, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

Courts generally disfavor default judgments, "and clear preference exists for cases to be adjudicated on merits[.]" *United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D. 404, 2004 U.S. Dist. LEXIS 5070 (S.D.N.Y. 2004). "[D]efault judgments are, thus, reserved for rare occasions and any doubts should be resolved in favor of defaulting party." *Id.* In deciding whether to grant default judgment, District Courts have looked at "plaintiff's unopposed submissions", not solely the facts alleged in the complaint. *Antoine v. Brooklyn Maids*, 26, Inc., 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020).

## DISCUSSION

### I. Subject Matter Jurisdiction

Before granting a motion for default judgment, a court must first determine whether it has subject matter jurisdiction over the action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125–27 (2d Cir. 2011); *see, e.g., Sung Taek Kwon v. Leg Res., Inc.*, No. 15-CV-9658 (RWL), 2018 WL 2316630, at *3 (S.D.N.Y. May 7, 2018); *Bracken v. MH Pillars Inc.*, 290 F.Supp.3d 258, 262–63 (S.D.N.Y. 2017). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 500 (2006) ("The objection that a federal court lacks subject-matter jurisdiction ... may be raised ... by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment.") (citation omitted).

4

The Court finds that Plaintiff has established that the Court has subject matter jurisdiction over his claims. For diversity jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). Here, Plaintiff is a resident of New York, while Defendant is a company incorporated in South Korea with its principal place of business in South Korea. (Compl. ¶¶ 2–3.) Plaintiff alleges that the amount in controversy requirement is satisfied because he is owed compensatory damages in the amount of $250,000, based on Defendant's sales of the T-shirts with his image on them, and exemplary damages in the amount of $2,000,000. (Mem., ECF No. 20-5 ¶¶ 6–7.)

## II.     Civil Rights Law § 51

Plaintiff asserts a claim for violation of privacy under § 51 of the New York Civil Rights Law ("§ 51") for Defendant's unauthorized usage of Plaintiff's likeness and image.

Section 51 of the New York Civil Rights Law prohibits the "(i) usage of plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without plaintiff's written consent[,]" and create a civil cause of action for violations. *Souza v. Exotic Island Enterprises, Inc.*, 68 F.4th 99, 121 (2d Cir. 2023) (citing *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 248 (2d Cir. 2021)); *see also Molina v. Phoenix Sound Inc.*, 297 A.D.2d 595, 597, 747 N.Y.S.2d 227, 230 (1st Dep't 2002). Claims arising under this section are subject to a one-year statute of limitations. *Souza*, 68 F.4th at 121 (citing N.Y. C.P.L.R. § 215(3)). A claim "accrues on the date the offending material is first published[.]" *Id.* (quoting *Nussenzweig v. diCorcia*, 9 N.Y.3d 184, 188, 848 N.Y.S.2d 7, 878 N.E.2d 589 (2007)).

Plaintiff's claim under Section 51 is time barred by the applicable statute of limitations. Plaintiff alleges that he provided Defendant with his baby photo on or about March 27, 2017. (Richards Decl., ECF No. 21 ¶ 7.)  Thereafter, on May 18, 2017, he was shown a sticker with his baby photo on it.  (*Id.* ¶ 11.)  On June 1, 2017, he was shown a t-shirt with his baby photo on it. (*Id.* ¶ 14.)  In August 2017, Plaintiff noticed the t-shirt on Defendant's Instagram page and went to the company's website to see that the t-shirts with his photo were being offered for sale.  (*Id.* ¶¶ 19–20.)  The lawsuit was filed over a year later on July 17, 2019.  (Compl., ECF No. 1.) Therefore it is apparent from the face of the Complaint that Plaintiff's cause of action began to accrue sometime prior to August 2017, when the t-shirts were first offered for sale, but even if the Court were to calculate the statute of limitations as of August 2017 when Plaintiff first became aware of that the t-shirt with his image were being posted on Instagram and being sold. Accordingly, Plaintiff's claim under § 51 is dismissed as time barred. *See Souza*, 68 F.4th at 122–23; *see also Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("district courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted". (internal quotations and citations omitted)); *Wright v. Rensselaer Cty. Jail*, 771 F. App'x 58, 59–60 (2d Cir. 2019) (summary order) ("While untimeliness is an affirmative defense, a district court can *sua sponte* dismiss untimely claims where the defense is apparent on the face of the complaint." (citation omitted))

### III.    Fraud Claims

Plaintiff alleges three causes of action sounding in fraud: (1) fraud; (2) fraudulent misrepresentation; and (3) fraud in the inducement.

The Complaint fails to plead sufficient facts to support its fraud claims under Federal Rule of Civil Procedure 12(b)(6). In order to allege fraud, fraudulent inducement, and fraudulent misrepresentation, a plaintiff must plead scienter, i.e., an intent to deceive. *Childers v. New York & Presbyterian Hosp.*, 36 F. Supp. 3d 292, 309 (S.D.N.Y. 2014) ("Under New York law, the elements of a claim for fraud are: (1) a material misrepresentation or omission of fact (2) made by defendant with knowledge of its falsity (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (5) resulting damage to the plaintiff."); *State St. Global Advisors Trust Co. v. Visbal*, 431 F. Supp. 3d 322, 352 (S.D.N.Y. 2020) (Under New York Law, the elements for fraud in the inducement are: "(i) a material misrepresentation of a presently existing or past fact; (ii) an intent to deceive; (iii) reasonable reliance on the misrepresentation by appellants; and (iv) resulting damages." ); *In re Amla Litig.*, 282 F. Supp. 3d 751, 759 (S.D.N.Y. 2017) (in order allege fraudulent misrepresentation, "[t]he plaintiff must show (1) that the defendant made a material misrepresentation, with (2) scienter (i.e., the intent to defraud), and (3) that the plaintiff relied on the misrepresentation to her detriment…")

Although a "'fraud claim should…plead scienter, and although it may do so generally…the plaintiff must still allege facts that give rise to a strong inference of fraudulent intent.'" *Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 585 (S.D.N.Y. 2021) (quoting *Hesse v. Godiva Chocolatier, Inc.*, 463 F. Supp. 3d 453, 472 (S.D.N.Y. 2020)). "A plaintiff may demonstrate this inference by (1) alleging facts to show that defendants had both motive and opportunity to commit fraud, or (2) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Hesse*, 463 F. Supp. 3d at 472.

Here, Plaintiff has alleged absolutely no facts showing that Defendant either had the motive and opportunity to commit fraud or any facts that show conscious misbehavior or recklessness.

7

Although Plaintiff alleges that Defendant asked for a baby photo for use on a sticker when in fact Defendant used it in a T-Shirt, the Complaint does not allege how this alleged misstatement demonstrates Defendant's *intent* to deceive Plaintiff to obtain the photo from him.  In fact, in his memorandum in support of the motion, Plaintiff merely summarily repeats the pleading standard for fraud claims and argues, without caselaw support, that because "no stickers were ever made, but tens of thousands of T-shirts were, the scienter of the employee of Nerdy can be averred." (ECF No. 20-5 at 5.)  This statement is actually contradicted by Plaintiff's declaration in support of the motion for default judgment, where he states that he was shown a sticker with his baby image on it in May 2017.  (Richards Decl., ECF No. 21 ¶ 11.)  Thus, Plaintiff provides no allegations supporting any motive or intent to deceive Plaintiff on the part of Defendant by asking for a photo for stickers, which were manufactured, and then subsequently using the photo on a T-shirt.  These conclusory and barebones allegations are insufficient to meet the pleading standard under Rule 12(b)(6).  *See Colpitts v. Blue Diamond Growers*, 527 F. Supp. 3d 562, 586 (S.D.N.Y. 2021) (dismissing fraud claim for failing to allege facts supporting circumstantial finding of fraudulent intent and where complaint did not allege a specific motive for fraud).

## IV.     Plaintiff's Remaining Causes of Action

The Complaint also alleges a claim of negligent misrepresentation and accounting (Compl. ¶¶ 45–58); however, he does not move for default judgment on these causes of action and did not address them in his memorandum in support of his motion.  Accordingly, the Court deems that these claims are abandoned and will not address them.  *See Sell Below Cost USA LLC v. Blue Island Holding Grp. (US) Inc.*, No. 19-CV-6095 (KAM)(RER), 2021 WL 1394284, at *3 (E.D.N.Y. Feb. 9, 2021), *report and recommendation adopted*, No. 19-CV-6095(KAM)(RER), 2021 WL 777015 (E.D.N.Y. Mar. 1, 2021).

## CONCLUSION

For all of the foregoing reasons, the Court finds that Plaintiff is not entitled to default judgment on any of his causes of action. If Plaintiff would like to amend his Complaint consistent with this Opinion and Order, he must file the Amended Complaint on or before **October 27, 2023**.

**Dated: October 13, 2023**
      **New York, New York**

*/s/ Andrew L. Carter, Jr.*

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**