UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS RICHARDS,

                          **Plaintiff,**

-against-

MULTINEX CO. LTD., d/b/a *NERDY*,

                          **Defendant.**

**1:19-cv-06670 (ALC)**

**OPINION & ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Thomas Richards ("Plaintiff") filed his complaint against Multinex Co. Ltd. ("Nerdy" or "Defendant"), alleging multiple causes of action including, a violation of Section 51 of the New York Civil Rights Law ("§ 51"). Currently pending before the Court is Plaintiff's motion for default judgment. For the reasons that follow, Plaintiff's motion is **GRANTED**.

## BACKGROUND

The Court assumes the parties' familiarity with the facts of this case. The Court provided a detailed review of the factual and procedural history in 2023, when it denied Plaintiff's first motion for default judgment. *See Richards v. Multinex Co. LTD*, No. 19-CV-6670 (ALC), 2023 WL 6785812 (S.D.N.Y. Oct. 13, 2023), *vacated and remanded sub nom. Richards v. Multinex Co.*, No. 23-7690-CV, 2024 WL 3041330 (2d Cir. June 18, 2024). Plaintiff appealed one portion of that decision—the Court's finding that Plaintiff's claims under § 51 were time barred—to the Second Circuit. *See* ECF No. 30. The Circuit vacated and remanded that portion of the Court's opinion, finding that Plaintiff was a minor at the time of the events in question and so "[t]he one-year statute of limitations for Richards' Section 51 claim began to run from" his eighteenth birthday, October 5, 2018. *Richards v. Multinex Co.*, No. 23-7690-CV, 2024 WL 3041330, at *1 (2d Cir. June 18,

1

2024). Since Plaintiff filed his complaint on July 17, 2019, the Circuit found his § 51 claims were not time barred. *See id.*; ECF No. 1 ("Compl.").

After the Circuit rendered its decision, Plaintiff refiled his motion for default judgment on his § 51 claims. *See* ECF Nos. 38 ("Mot."), 42 ("Br."). Relevant to this opinion, Defendant was served on October 6, 2019. *See* ECF No. 10. When Defendant failed to appear despite being served, Plaintiff requested a Clerk's Certificate of Default, ECF Nos. 11–12, which was issued, ECF No. 13. The Court issued an Order to Show Cause why default judgment should not be entered. ECF No. 24. To date, Defendant has not appeared in this action nor otherwise defended itself with respect to the allegations in the complaint.

## LEGAL STANDARD

A party against whom a judgment for affirmative relief is sought is in default when it has failed to plead or otherwise defend the suit. *See* Fed. R. Civ. P. 55(a). A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *See Belizaire v. RAV Investigative and Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 344 (S.D.N.Y. 2014). In evaluating a motion for default judgment, the court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Id.* Nonetheless, because a party in default does not admit conclusions of law, a district court must "determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law." *Id.* (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) (internal quotation omitted).

Courts generally disfavor default judgments, and "[a] clear preference exists for cases to be adjudicated on merits." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 174 (2d Cir. 2001). "[D]efault judgments are, thus, reserved for rare occasions and any doubts should be resolved in favor of defaulting party." *United States Fid. & Guar. Co. v. Petroleo Brasileiro S.A.*, 220 F.R.D.

404, 406 (S.D.N.Y. 2004). In deciding whether to grant default judgment, district courts look at the "plaintiff's unopposed submissions," not solely the facts alleged in the complaint. *Antoine v. Brooklyn Maids 26, Inc.*, 489 F. Supp. 3d 68, 78 (E.D.N.Y. 2020).

## DISCUSSION

Plaintiff asserts that Defendant violated his privacy under Section 51 of the New York Civil Rights Law when it used the Plaintiff's likeness and image on its t-shirt without authorization. Section 51 of the New York Civil Rights Law prohibits the "(i) usage of [a] plaintiff's name, portrait, picture, or voice, (ii) within the state of New York, (iii) for purposes of advertising or trade, (iv) without [a] plaintiff's written consent[,]" and creates a civil cause of action for violations. *Souza v. Exotic Island Enterprises, Inc.*, 68 F.4th 99, 121 (2d Cir. 2023) (citing *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 248 (2d Cir. 2021)); *see also Molina v. Phoenix Sound Inc.*, 747 N.Y.S.2d 227, 230 (App. Div. 1st Dep't 2002).

Upon review of the allegations in the complaint, as well as the above-discussed elements of the relevant cause of action, Plaintiff has satisfied his burden of proof with respect to this claim. Taking all allegations as true, Plaintiff is entitled to default judgment.

## CONCLUSION

For all of the foregoing reasons, the Court **GRANTS** Plaintiff's motion for default judgment. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 38. This matter will be referred to Magistrate Judge Henry J. Ricardo for an inquest into damages.

**SO ORDERED.**

**Dated: March 10, 2025**
         New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**